IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | 1:14-cr-279-WSD |
| MICHAEL CATALA, | 1:15-cr-96-WSD |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on the Government's Motion to Consolidate Cases (the "Motion") [23].[1]

### I.   BACKGROUND

On March 19, 2014, a federal grand jury returned an indictment charging Defendant Michael Catala ("Defendant") with one count of bank fraud conspiracy, in violation of 18 U.S.C. § 1349; ten (10) counts of bank fraud, in violation of 18 U.S.C. § 1344; and ten (10) counts of aggravated identify theft, in violation of 18 U.S.C. § 1028A.  See United States v. Catala, 1:14-cr-96.

On July 24, 2014, Defendant pleaded guilty to a Criminal Information, charging Defendant with one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 371, and one count of aggravated identify theft, in

---

[1]   Unless otherwise noted, citations are to documents filed in 1:14-cr-279.

violation of 18 U.S.C. § 1028A.  United States v. Catala, 1:14-cr-279 (the "Bank Fraud Case").  The Government did not move for detention, and Defendant was allowed to remain on bond pending sentencing, which was scheduled for October 7, 2014 [4].

Defendant failed to comply with several of the conditions of his bond, including by not being present at his residence during the hours required, being untruthful regarding his employment hours and location, and failing to report for an administrative hearing.  On September 26, 2014, the Court issued a warrant (the "Warrant") for Defendant's arrest based on his noncompliance [16].

On October 7, 2014, Defendant failed to appear for his sentencing.  The Government represented that the Warrant was "being processed" and that, at the time set for the sentencing, the Government was not yet searching for Defendant.  (Tr. of Oct. 7, 2014, Hr'g [8] at 2:3-16).

In March 2015, Defendant was arrested by the Los Angeles Police Department and extradited to the Northern District of Georgia.

On March 18, 2015, Defendant was indicted by a federal grand jury for failing to appear at his October 7, 2014, sentencing, in violation of 18 U.S.C. § 3146(a)(1).  United States v. Catala, 1:15-cr-96 (the "Failure to Appear Case"). Defendant pleaded not guilty in the Failure to Appear Case.

On March 30, 2015, the Government filed its Motion, seeking to consolidate the Bank Fraud Case and the Failure to Appear Case. Defendant opposes consolidation.

## II.   DISCUSSION

Rule 13 of Federal Rules of Criminal Procedure provides: "The court *may* order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information." Fed. R. Crim. P. 13 (emphasis added). "The consolidation of two or more indictments for trial is a matter addressed to the sound discretion of the trial court whenever the offenses charged against any one person grew out of interrelated occurrences and expediency may be served without interference with substantial justice." Davis v. United States, 148 F.2d 203, 204 (5th Cir. 1945)[2] cert. denied 325 U.S. 888; United States v. Park, 531 F.2d 754, 760 n.3 (5th Cir. 1976) ("the refusal to consolidate separate indictments is properly within the discretion of the trial court"); see also 1A Fed. Prac. & Proc. Crim. § 216 (4th ed.) (in determining whether to consolidate cases, court "should weigh the efficiency and convenience of a single trial against the risks of prejudice to the

---

[2]   In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the Former Fifth Circuit issued before the close of business on September 30, 1981.

defendant from a single proceeding").

Offenses may be joined if they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). "Bond jumping and the underlying offense are 'connected together' if they are related in time, the motive for flight was avoidance of prosecution of the underlying offense, and custody derived directly from the underlying offense." United States v. Gabay, 923 F.2d 1536, 1539 (11th Cir. 1991) (citing United States v. Ritch, 583 F.2d 1179, 1181 (1st Cir. 1978)). Here, Defendant absconded soon after he pleaded guilty in the Bank Fraud Case, the offenses in the Bank Fraud Case led directly to his custody, and it appears that his motive for flight was directly related to his impending sentencing in the Bank Fraud Case.

The Government asserts that the cases should be consolidated to save time and judicial resources because "similar issues will be presented to the Court in determining appropriate sentences for the [D]efendant" on the bank fraud and failure to appear charges. (Mot. at 8). The Court disagrees. Defendant was indicted on the charges underlying the Bank Fraud Case on March 19, 2014, and he pleaded guilty in the Bank Fraud Case in July 2014. More than six (6) months have passed since his October 7, 2014, scheduled sentencing, and Defendant is the

4

only person involved in the bank fraud scheme who has not yet been sentenced. To further delay, at the Government's request,[3] Defendant's sentencing in the Bank Fraud Case for an undetermined period of time until the failure to appear charge—to which Defendant has pleaded not guilty—is resolved, frustrates the public interest in having those who are convicted of crimes held accountable in a fair and efficient manner.  It is time for Defendant to be sentenced on the offenses to which he has already pleaded guilty and for which he should have been sentenced nearly six months ago.

That the Government seeks consolidation as a means by which to increase Defendant's Guidelines range for the failure to appear offense, if he is convicted, is not sufficient to support consolidating these cases and further delaying Defendant's sentencing in the Bank Fraud Case.  In the Bank Fraud Case, the Government agreed to allow Defendant to plead guilty to an offense for which the statutory maximum period of incarceration is 60 months.  At the time of the plea agreement,

---

[3]     The Court notes that the Government did not oppose Defendant's motion to reduce his bond amount before he pleaded guilty, and the Government did not move for detention pending sentencing, even after the Court stated that it was inclined to take Defendant into custody after he pleaded guilty.  The record is that, beginning on August 4, 2014, Defendant repeatedly failed to comply with the conditions of his bond, and the Government failed to search for Defendant in the eleven (11) days between issuance of the Warrant for Defendant's arrest and his scheduled sentencing.  This failure may have contributed to the lengthy delay suffered in the Bank Fraud Case.

Defendant's Guidelines range was likely below 60 months of incarceration. (Mot. at 9). The Government now estimates that, "because of [D]efendant's post-plea obstructive and absconding conduct," his Guidelines range for the bank fraud offense is 108-135 months, "but due to the statutory maximum [Defendant's] range will effectively be reduced to 60 months." (Id.). For the failure to appear charge, the statutory maximum is 60 months, and, if not consolidated, Defendant's Guidelines range likely would be 12-18 months. The Government moves to consolidate the Bank Fraud Case and the Failure to Appear Case "to ensure that the statutory maximums are commensurate with [Defendant's] applicable Guidelines range," which, applying the grouping procedure outlined in Application Note 3 to U.S.S.G. § 2J1.6, would result in a Guidelines range of 108-135 months for the bank fraud and failure to appear charges. (Mot. at 9-10).[4] Increasing Defendant's

---

4    Application Note 3 to U.S.S.G. § 2J1.6 instructs that the failure to appear is treated as an obstruction of the underlying offense, and grouped together with the underlying offense count:

> [I]n the case of a conviction on both the underlying offense and the failure to appear . . . the failure to appear is treated under § 3C1.1 . . . as an obstruction of the underlying offense, and the failure to appear count and the count or counts for the underlying offense are grouped together under § 3D1.2(c). (Note that 18 U.S.C. 3146(b)(2) does not require a sentence of imprisonment on a failure to appear count, although if a sentence of imprisonment on the failure to appear count is imposed, the statute requires that the sentence be imposed to run consecutively to any other sentence of imprisonment.). The combined sentence will then be constructed to provide a "total

6

Guidelines range is not a compelling reason for consolidation, particularly where, as here, the defendant pleaded guilty to the underlying offense, but the separate failure to appear charge is unresolved.  If Defendant ultimately is convicted on the failure to appear charge, the Court will then impose a reasonable sentence considering the factors in 18 U.S.C. § 3553(a).  See United States v. Booker, 543 U.S. 220 (2005).

---

punishment" that satisfies the requirements both of § 5G1.2 (Sentencing on Multiple Counts of Conviction) and 18 U.S.C. § 3146(b)(2).). . . .
Application Note 3 to U.S.S.G. § 2J1.6.  To the extent Defendant relies on United States v. Packer, 70 F.3d 357 (5th Cir. 1995) and United States v. Crow Dog, 149 F.3d 847 (8th Cir. 1998), to support that consolidation is inappropriate because there is a split of authority whether Application Note 3 to U.S.S.G. § 2J1.6 conflicts with 18 U.S.C. § 3146, these opinions do not address the initial decision to consolidate the cases and the Court notes that the Eleventh Circuit has consistently affirmed sentences where the district court grouped the underlying offense and failure to appear charges.  See, e.g., United States v. Alcantara, 257 F. App'x 174 (11th Cir. 2007).  In Alcantara, the Eleventh Circuit explained:
> Our analysis of the grouping rules in U.S.S.G. § 3C1.2 and application note 3 to U.S.S.G. § 2J1.6 allows us to conclude that Congress intended that failure to appear for trial be treated as an offense characteristic of the underlying offense, with an upward adjustment for obstruction of justice.  While the district court may still impose a separate sentence for the failure to appear count, the cumulative term of imprisonment for both offenses *should* fall within the advisory Guidelines range that was calculated after applying the obstruction of justice adjustment.

Id. at 177.  That "the Defense agrees that Application Note 3 to U.S.S.G. § 2J1.6 would apply" "[i]f the Court decides to consolidate the cases for sentencing," further undercuts Defendant's argument.  (Resp. at 6-7).

7

The Court concludes that the public interest in the efficient administration of justice is served best by sentencing Defendant, without further delay, for the offenses for which he has already pleaded guilty. The Government's Motion to Consolidate is denied.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Government's Motion to Consolidate Cases [23] is **DENIED.**

**SO ORDERED** this 16th day of April, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE