IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL CATALA | Criminal Action No.<br><br>1:15-CR-96-WSD-LTW |

**Government's Sentencing Memorandum and Request for Upward Variance**

The United States of America, by John A. Horn, Acting United States Attorney, and Thomas J. Krepp, Assistant United States Attorney for the Northern District of Georgia, files this Sentencing Memorandum of the United States and requests that the Court impose an upward variance from the properly calculated Guidelines range.

**I. Background**

On March 19, 2014, the defendant was charged with one count of bank fraud conspiracy, in violation of 18 U.S.C. § 1349, ten counts of bank fraud, in violation of 18 U.S.C. § 1344, and ten counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A. *United States v. Catala,* 1:14-CR-96, Doc. 14. On July 24, 2014, the defendant entered into a written, negotiated plea of guilty to a two-count Criminal Information charging him with conspiracy, in violation of 18 U.S.C. § 371, and aggravated identity theft, in violation of 18 U.S.C. § 1028A. *United States v. Catala*, 1:14-CR-279, Doc. 3. Pursuant to the written plea agreement, the government agreed to move to dismiss the initial indictment upon the entry of

1

the Judgment and Commitment Order in the subsequent case. *See id.* at Doc. 3, ¶ 10. The defendant's sentencing was scheduled for October 7, 2015; however, the defendant failed to appear that day and absconded from supervision. *Catala*, 1:14-CR-279 (Doc. 7). In early 2015, the defendant was arrested in California while using a fake name and transported back to Georgia. A grand jury subsequently indicted the defendant on one count of failing to appear at sentencing, in violation of 18 U.S.C. § 3146(a)(1). *United States v. Catala,* 1:15-CR-96 (Doc. 1). The Government moved to consolidate the bank fraud and absconding cases which the defendant opposed. (Docs. 23, 26, 27). The Court denied the Government's motion to consolidate the two cases and ordered that the sentencing on the bank fraud case proceed on April 20, 2015. *Catala*, 1:14-CR-279 (Doc. 31). At the sentencing, the Court heard evidence as to the defendant's bank fraud scheme and his subsequent flight to California. *Catala*, 1:14-CR-279 (Doc. 32). The Court held that the Guidelines range was 87 months to 108 months. Because of the statutory maximum, this range was reduced to 60 months. The defendant was subsequently sentenced to 60 months of incarceration for conspiracy, in violation of 18 U.S.C. § 371, to run consecutive to 24 months of incarceration for aggravated identity theft, in violation of 18 U.S.C. § 1028A. The defendant's total sentence was therefore 84 months of incarceration. *Catala*, 1:14-CR-279 (Doc. 33).

On June 4, 2015, the defendant entered a plea of guilty to one count of absconding without a written plea agreement. *Catala*, 1:15-CR-96 (Doc. 14). The final PSR states that the base offense level is 6, pursuant to U.S.S.G. § 2J1.6. PSR,

¶ 14. Pursuant to the offense level is increased by 6 levels because the underlying offense was punishable by a term of imprisonment of 5 years or more. PSR, ¶ 15; *see* U.S.S.G. § 2J1.6(b)(2)(B). The offense level was decreased by 2 levels for acceptance of responsibility, leading to a final offense level of 10. As the defendant's criminal history category is level II, the final Guidelines range is **8 to 14 months**.

### II. Request for a Variance

The United States is requesting an upward variance in this case. Defendant's continued criminal activity after he fled Georgia justifies a sentence above the advisory Guidelines range.

As this Court is undoubtedly aware, a sentencing court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a), including the need "to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense[,]" to deter criminal conduct, and "to protect the public" from the defendant's future criminal conduct. 18 U.S.C. § 3553(a). *See also United States v. Booker*, 543 U.S. 220, 259-60, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). In imposing a particular sentence, the court must consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable Guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to any victims. *See* § 3553(a)(1), (3)-(7).

If the district court decides to impose an upward variance, "it must 'consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38, 50, 128 S. Ct. 586, 597 (2007)). The court must justify the variance but extraordinary circumstances are generally not necessary to justify such a sentence or presume that such a sentence is unreasonable. *Gall*, 552 U.S. at 47, 128 S. Ct. at 594-95; *United States v. Irey*, 612 F.3d 1160, 1186-87 (11th Cir. 2010) (en banc).

Here, the Government believes an upward variance is appropriate due to the seriousness of the offense, the need to promote respect for the law, and the nature and circumstances of this defendant. *See* § 3553(a). As this Court knows from the PSR in the bank fraud case, the PSR in the instant case, and the sentencing hearing in the bank fraud case, this defendant was given the benefit of bond while charged with a serious financial crime that impacted identity theft victims and at least one financial institution. He then admitted to this Court that he had defrauded a major financial institution and had stolen the identities of numerous victims. He knew there would be severe consequences for failing to appear at his sentencing.

Rather than comply with the conditions of his release, the defendant fled to California, where he *continued* to engage in identity theft and financial fraud. The defendant was not arrested trying to visit a family member or while trying to start a new life for himself. He was arrested with a friend while using fake identities to buy drinks at a restaurant and he then gave the arresting police

4

officers a fake identity.  This egregious and repetitive criminal conduct demonstrates that he did not take his plea hearing seriously and does not respect the authority of this court.

The absconding statute to which the defendant has pled guilty penalizes any individual who knowingly fails to appear for a court proceeding.  *See* 18 U.S.C. § 3146(a)(1); U.S.S.G. § 2J1.6.  However, the statute and Guidelines do not take into account situations such as this where the defendant has continued to commit the *same* conduct that initially brought him before the court.  An upward variance appropriately addresses the defendant's continued criminal activity after he fled Georgia.

### III.   Conclusion

For the reasons in this brief, the United States believes that a sentence above the properly calculated Guidelines is appropriate.

                Respectfully submitted,

                JOHN A. HORN
                  *Acting United States Attorney*

                /s/THOMAS J. KREPP
                  *Assistant United States Attorney*
                Georgia Bar No. 346781
                Thomas.Krepp@usdoj.gov

## Certificate of Service

I served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

Vionnette Johnson

July 30, 2015

/s/ THOMAS J. KREPP

THOMAS J. KREPP

*Assistant United States Attorney*