IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL ACTION NO. |
| | ) | |
| v. | ) | 1:15-CR-96-WSD-LTW |
| | ) | |
| MICHAEL CATALA | ) | |
| _____ | ) | |

SENTENCING MEMORANDUM

COMES NOW the Defendant, MICHAEL CATALA, by and through undersigned counsel, and hereby files this Sentencing Memorandum. Mr. Catala's sentencing is scheduled for Thursday, August 6th, at 2:30 p.m. This Memorandum is filed in Response to the Government's Sentencing Memorandum and Request for Upward Variance. Doc. 18. The Defense objects to an upward variance in this case because the guideline calculations adequately take into account Mr. Catala's conduct. The guideline calculations are discussed in more detail below:

GUIDELINE CALCULATIONS

On April 20, 2015, this Court sentenced Mr. Catala to 60 months imprisonment on a conspiracy to commit bank fraud in violation of 18 U.S.C. § 371 followed by 2 years consecutive for a violation of 18 U.S.C. §1028A, aggravated identity theft. PSR 24. In imposing the 60 month

sentence for the bank fraud conspiracy, this Court made the following findings at sentencing:

| Guideline Section | Description | Points |
|---|---|---|
| 2B1.1 | Base offense level | 6 |
| 2B1.1(b)(1)(G) | Loss between $200k and $400k | 12 |
| 2B1.1(b)(2)(B) | Number of victims | 4 |
| 3B1.1(a) | Leadership role | 4 |
| 3C1.1 | Obstruction of justice | 2 |
| 3E1.1 | Acceptance of responsibility | 0 |
| Total | | 28 |

Mr. Catala received a two level enhancement of his sentence for obstruction of justice for failing to appear at his sentencing. PSR dated April 9, 2015, ¶ 37. Mr. Catala also did not receive a three level reduction for acceptance of responsibility. As the probation officer reasoned in his final PSR to the Court:

> The defendant's post conviction conduct does not demonstrate an acceptance of responsibility and a complete withdrawal from criminal conduct. The defendant violated his curfew on numerous occasions, provided false information to his supervising officer, and failed to report as directed. On March 2, 2015, he was arrested by the Los Angeles Police Department and charged with Possession with Intent to Use a Fraudulent Credit Card.
> [ ****]
> The defendant was not compliant with the conditions of bond, and he failed to appear for sentencing. After several

months as a fugitive, the defendant was arrested in Los Angeles, California, after he attempted to use a fraudulent credit card. Additionally, when he was arrested, he possessed a fraudulent identification document.

PSR dated April 9, 2015 ¶40. Mr. Catala's priors placed him at a Criminal History Category II, for a custody guideline range of 87-105 months.

In light of the 60 month cap on Count One, this Court sentenced Mr. Catala to 60 months on Count One. PSR ¶ 24. Had Mr. Catala not fled to Los Angeles and been arrested under a false name with a fake credit card, not violated his curfew and had otherwise complied with all of his bond conditions, his guidelines would have been 5 levels lower, that is Level 23 for a range of 51 to 63 months. A sentence at the low end (51 months) is significantly lower than the 60 month sentence imposed by this Court.[1]

On Thursday Mr. Catala will appear before this Court for sentencing on a failure to appear charge in violation of 18 U.S.C. § 3146(a)(1). The Guidelines on this charge are undisputed: Level 10, Category II for a range of 8-14 months. PSR p. 11. This sentence must be imposed to run

---

[1] Discussion in this Sentencing Memorandum focuses on the sentence imposed for Count One, but as the Court knows, Mr. Catala received a consecutive 24 month sentence on Count Two.

3

consecutive to the sentence imposed in the bank fraud case. (1:14-CR-279). Mr. Catala is requesting a sentence within the guideline range.

## ARGUMENT AND CITATION TO AUTHORITY

A guideline sentence in this case adequately addresses the goals of promoting respect for the law, providing just punishment, affording adequate deterrence and protecting the public from further crimes of Mr. Catala. A guideline sentence also takes into consideration the nature and circumstances of the offense and the characteristics of the defendant. See U.S.C. § 3553(a).

In this case, Mr. Catala is facing sentencing for failure to appear. As discussed above, the sentence for his underlying bank fraud case was at least 9 months higher than it could otherwise have been because of his conduct relating to the failure to appear. Additionally, in this new case, the guidelines are 8 - 14 months. If this Court were to sentence Mr. Catala to the high end, the 14 months, that would result in a total increase of his sentence by 23 months. (9+14 = 23). While this reasoning assumes that if Mr. Catala had not fled, this Court would have imposed a low end guideline, the point is made merely to illustrate that Mr.

Catala's guidelines were adversely affected by his post conviction conduct and his failure to appear.[2]

The government has filed a Sentencing Memorandum and request for Upward Variance, arguing that Mr. Catala's continued criminal activity after he fled Georgia justifies a sentence above the advisory guideline range. Doc. 18, p3. The defense objects.

Following <u>United States v. Booker</u>, 125 S.Ct. 738 (2005) district courts "while not bound to apply the Guidelines, must consult those Guidelines, and take them into account when sentencing." <u>United Sates v. Crawford</u> 407 F.3d 1174, 1178 (11th Cir. 2005)(quoting <u>Booker</u>, 125 S.Ct. at 767. After correctly calculating the guidelines, courts must then consider the §3553 factors in arriving at a reasonable sentence. <u>Crawford</u>, 407 F.3d at 1179.

In this case, the parties are in agreement as to the guidelines. Mr. Catala's post conviction conduct, as discussed above, is already adequately taken into account by the guidelines. It was considered in the increase of his bank fraud guidelines as well as his new guidelines for failure to

---

[2]Defense counsel notes that this is a hypothetical, as there is no guarantee of a "low end" sentence even when a defendant pleads and accepts responsibility for his actions.

5

appear.  Thus, it is Mr. Catala's position that the guidelines adequately account for his post bank fraud plea conduct, and that a guideline sentence is a reasonable sentence in his case.

A guideline sentence addresses the goals of promoting respect for the law, providing just punishment, affording adequate deterrence and protecting the public from further crimes.  A guideline sentence also takes into consideration the nature and circumstances of the offense and the characteristics of the defendant. For these reasons, the defense prays this Court deny the government's request for an upward variance and impose a guideline sentence.

Dated: This 3rd day of August, 2015.

Respectfully Submitted,

 */s/ Vionnette Johnson*
VIONNETTE JOHNSON
Georgia Bar No.  601290
Counsel for Mr. Catala

FEDERAL DEFENDER PROGRAM, INC.
Centennial Tower, Suite 1500
101 Marietta Street, N.W.
Atlanta, Georgia 30303
(404) 688-7530; Fax (404) 688-0768
Vionnette_Johnson@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Sentencing Memorandum was formatted in Century Schoolbook 14 pt., in accordance with Local Rule 5.1B, and was electronically filed this day with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following Assistant United States Attorney of record:

>Thomas Krepp
>Assistant United States Attorney
>600 Richard B. Russell Building
>75 Spring Street, S. W.
>Atlanta, Georgia  30303

Dated:  This 3rd day of August, 2015.

> /s/ *Vionnette Johnson*
> VIONNETTE JOHNSON
> Georgia Bar No. 601290
> Attorney for Mr. Catala